ANDRE BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-6165
    Facsimile: (213) 894-0115
    Email: Daniel.Layton@usdoj.gov
Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JACK G. THOMAS, et al.,<br><br>    Defendants. | Case No. SACV10-01801-JAK (FFMx)<br><br>Judgment and Order to Reduce Tax Assessments to Judgment on Plaintiffs First and Second Claims for Relief, and Order regarding the Sale of the Subject Real Property; |

Based upon the stipulation between plaintiff United States of America ("**United States**," "**IRS**" or "**plaintiff**") and defendants Jack G. Thomas and Lynda D. Thomas (collectively "**defendants**"), through their undersigned counsel, **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. On November 23, 2010, the United States filed its Complaint to (1) Reduce Joint Federal Tax Assessments to Judgment Against Jack G. Thomas and Lynda D. Thomas; (2) to Reduce Tax Assessments to Judgment Against Jack G. Thomas; and (3) to Foreclose Federal Tax Liens on Real Property ("**the Complaint**").

**FIRST CAUSE OF ACTION: REDUCE JOINT FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST JACK G. AND LYNDA D. THOMAS**

1

2. The first cause of action in the Complaint is to reduce to judgment joint federal tax assessments against defendants.

3. The balances due for defendants' joint federal income tax (Form 1040) liabilities for the periods at issue in plaintiff's first cause of action, calculated to April 30, 2011, are as follows:

| Tax Year | Balance Due as of 11/30/2010 |
| --- | --- |
| 1997 | $38,218.35 |
| 1998 | $14,170.90 |
| 1999 | $23,602.14 |
| 2000 | $5,376.31 |
| 2001 | $1,174.93 |
| 2002 | $10,871.67 |
| 2003 | $13,606.62 |
| 2004 | $10,142.45 |

4. The total balance due as of April 30, 2011, for the tax periods in the first cause of action is $<u>117,163.37</u>. Additional amounts will continue to accrue after April 30, 2011, as allowed by law.

5. The above-described balances due to the United States, plus accrued penalties and interest, are hereby reduced to judgment against defendants Jack G. Thomas and Lynda D. Thomas, resolving the First Cause of Action in favor of the United States.

**SECOND CAUSE OF ACTION: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST JACK G. THOMAS**

6. The second cause of action in the Complaint is to reduce to judgment federal tax assessments against defendant Jack G. Thomas.

7. The balances due for the federal tax liabilities of Jack G. Thomas, doing business as Thomas Painting, for the periods alleged in plaintiff's second

cause of action, calculated to April 30, 2011, are as follows:

| Period End Date | Type of Tax | Balance Due as of 4/30/2011 |
|---|---|---|
| **03/31/2001** | Employment (Form 941) | $9,543.77 |
| **06/30/2001** | Employment (Form 941) | $13,682.18 |
| **09/30/2001** | Employment (Form 941) | $11,322.55 |
| **12/31/2001** | Employment (Form 941) | $15,274.16 |
| **03/31/2002** | Employment (Form 941) | $7,602.15 |
| **06/30/2002** | Employment (Form 941) | $10,020.71 |
| **09/30/2002** | Employment (Form 941) | $4,839.14 |
| **12/31/2002** | Employment (Form 941) | $6,517.01 |
| **03/31/2003** | Employment (Form 941) | $1,076.95 |
| **06/30/2003** | Employment (Form 941) | $671.24 |
| **09/30/2003** | Employment (Form 941) | $1,437.63 |
| **12/31/2003** | Employment (Form 941) | $753.80 |
| **03/31/2004** | Employment (Form 941) | $67.02 |
| **06/30/2004** | Employment (Form 941) | $211.89 |
| **12/31/2000** | Unemployment (Form 940) | $143.65 |
| **12/31/2001** | Unemployment (Form 940) | $5,519.79 |
| **12/31/2002** | Unemployment (Form 940) | $3,656.29 |
| **12/31/2000** | 26 U.S.C. § 6721 Penalty | $2,056.82 |
| **12/31/2005** | 26 U.S.C. § 6721 Penalty | $63.77 |

    8. Total of the balances due for all the subject periods in the second cause of action, calculated to April 30, 2011, is $94,460.52.

    9. Interest continues to accrue after April 30, 2011, as allowed by law.

    10. The above-described balances due to the United States, plus accrued penalties and interest, are hereby reduced to judgment against defendant Jack G. Thomas, resolving the Second Cause of Action in favor of the United States.

# THIRD CAUSE OF ACTION: ORDER REGARDING SALE OF THE SUBJECT REAL PROPERTY

11. The third cause of action in the Complaint seeks to foreclose the federal tax liens against the real property owned by defendants located in Dana Point, Orange County, California 92629 (hereinafter, "Subject Real Property"), with assessor's parcel no. 672-181-33, and legally described as:

PARCEL 1

> LOT 11 OF TRACT 6782 AS PER MAP RECORDED IN BOOK 299, PAGES 17, 18 AND 19 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE RECORDER OF SAID COUNTY. EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBONS BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.

PARCEL 2

> A NON-EXCLUSIVE EASEMENT FOR THE PURPOSES OSET FORTH IN AND OVERTHE LAND DESCRIBED IN PARAGRAPH 4 OF THE SUPPLEMENTARY DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED MAY 19, 1972 IN BOOK 10133, PAGE 581 OF OFFICIAL RECORDS.

12. The United States has Federal tax liens on all property owned by defendants for the balances due for the tax periods described in the above paragraphs of this stipulation.

13. The United States has the right to judicial foreclosure of its Federal tax liens against the subject real property and defendants do not oppose judicial foreclosure of such property by the United States.

14. The United States will stay its right to foreclose from the date the order of foreclosure pursuant to this stipulation is entered until April 30, 2012, to allow defendants the opportunity to satisfy their outstanding tax liabilities or to allow for a private sale of the subject real property as described in the following paragraphs of this stipulation. This date may be extended in the sole discretion of plaintiff United States of America. The intent of this stipulation is to allow defendants time to sell the subject real property to achieve the highest sale price and avoid forced sale of the subject real property and or obtain refinancing to be used to satisfy their outstanding tax liabilities and to allow defendants to keep their house.

15. The Court hereby orders the foreclosure of the federal tax liens described in plaintiff's first and second causes of action on the subject real property, subject to the paragraphs of this order regarding allowing private sale.

**Private Sale of Subject real property**

16. The subject real property may be sold by a private sale conducted by defendants prior to April 30, 2011, for the purpose of applying the proceeds from the private sale to the satisfaction of their liabilities to the United States (as described in the first and second counts) and Deutsche Bank National Trust Company ("**Deutsche Bank/Select Portfolio Servicing**") in the order of priority described in the stipulation filed on April 29, 2011, at ECF document number 22.

17. The terms and conditions of private sale shall be as follows:

    a. The subject real property will be listed by defendants through a licensed broker on MLS (Multiple Listing System). A copy of the listing agreement and MLS listing will be furnished to the United States through the Assistant United States Attorney acting as its counsel in this case (hereinafter "**the AUSA**"). The documents shall be furnished to the following address:

        U.S. Attorney's Office

ATTN: Daniel Layton, AUSA
Room 7211 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012

b. Defendants shall have the right to conditionally accept an offer subject to approval by the United States of America and must communicate and transmit such offer and conditional acceptance to the AUSA within five days at the address specified in paragraph 17(a) herein. Within ten (10) business days of receiving notice of the conditional acceptance, written rejection or approval by the United States of an offer must be provided to defendants or their counsel and to the listing broker; otherwise the United States will have waived any objections to the conditionally accepted offer.

c. The commission due to the buying and selling agents shall not exceed the total of 6% of the sale price. Other commercially reasonable sales costs are to be paid out of the sale proceeds. If a party objects the reasonableness of any sales cost, the dispute will be resolved by the Court upon motion by the objecting party.

d. The minimum bid shall be the lesser of: 75% of the current fair market value as determined by a Property Appraisal/Liquidation Specialist ("**PALS**") for the Internal Revenue Service based on its appraisal of the subject real property, which is established through the appraisal report dated September 27, 2010, provided to defendants by counsel for plaintiff on April 14, 2011, unless a more recent appraisal is provided to defendants; or the sum of the (1) balances due on the federal tax liabilities at issue in this case, (2) balance due on the deed of trust to Deutsche Bank/Select Portfolio Servicing, and (3) any other balances which are entitled to priority of payment from the proceeds of the sale of the subject real property. Defendants may challenge the

     appraisal provided by PALS within twenty (20) business days of this stipulation or ten days of being provided such appraisal, whichever is later, and resolution of the challenge will be handled administratively as described in sections 5.10.4.8.3 through 5.10.4.8.7 of the Internal Revenue Manual.

  e. The purchaser shall be required to deposit into escrow at minimum $10,000 within three (3) days upon the offer being accepted. Should any purchaser open escrow by virtue of this private sale but later forfeit said deposit for failure to comply with the terms of the sale, such purchaser shall be liable for the deposit as a penalty, and the deposit shall be paid over to the United States as a credit on the judgment of the United States for joint federal tax assessments against defendants.

18. If defendants are unable to sell the subject real property by April 30, 2012, and/or unable to satisfy their outstanding tax liabilities by April 30, 2012, the IRS shall be permitted to sell the property. This date may be extended in the sole discretion of plaintiff United States of America as specified in paragraph 14 herein.

19. The proceeds of the sale of the subject real property, whether by private sale, trustee's sale, or foreclosure sale, will go first to the expenses of sale, and then to Deutsche Bank/Select Portfolio Servicing and then to the United States in the order of priority described in the stipulation between plaintiff, defendant Deutsche Bank/Select Portfolio Servicing, and defendants Jack G. Thomas and Lynda D. Thomas filed on April 29, 2011, at ECF document number 22.

20. From the date of this stipulation, Defendants will make timely payments to Deutsche Bank/Select Portfolio Servicing on the debt secured by the Deed of Trust, will make timely payments for real property taxes and homeowner association fees, and will not otherwise allow the equity of the property to diminish by willful neglect, until the subject real property is sold and or the federal tax

liabilities have been satisfied pursuant to the stipulated judgment of the Court. Proof of current payment status on the deed of trust, homeowner's association fees, and property tax payments will be provided to counsel for the United States within 60 days of receipt of each respective billing statement. If defendants breach these conditions, the United States will not be required to stay its right to conduct a foreclosure sale.

21. The Court will retain jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale.

22. The plaintiff United States and defendants have waived their right to seek a new trial and/or to appeal the stipulated judgment.

## ATTORNEY'S FEES

23. The United States will bear its own costs and attorney's fees as against defendants and defendants will bear their own costs and attorney's fees as against the United States.

24. All causes of action contained in the Complaint are hereby resolved and there are no remaining issues for trial.

**IT IS SO ORDERED.**

DATE: May 11, 2011

_____

HON. JOHN A. KRONSTADT

U.S. District Court Judge

Respectfully Submitted,

ANDRE BIROTTE, JR.
United States Attorney
SANDRA R. BROWN
Asst. US Attorney, Chief, Tax Division

DANIEL LAYTON, Asst. U.S. Attorney
Attorneys for United States of America